Thomson, J.,
delivered the opinion of the court.
In this case there is no bill of exceptions in the record. The court made certain findings of fact, and upon the findings rendered judgment. The findings and judgment are before us, but none of the evidence. It is assigned for error that the judgment of the court is inconsistent with its findings. The suit was brought by The Andrews Packing Company against T. P. Gibson, to whom The Denver & Rio Grande Railroad Company was indebted. A writ of attachment was issued in the cause, and the railroad company summoned as garnishee. The appellant, C. J. Wilson, intervened in the action, claiming the amount due from the railroad company by virtue of an assignment of the debt made to him by Gibson previous to the commencement of the suit. The court found specially that the railroad company was indebted to Gibson; that the indebtedness was assigned by Gibson to the intervenor, for a valuable consideration, prior to the commencement of the suit; and that notice of the assignment was given by the intervenor to the railroad company after garnishment, and before answer by the company. The court also found the issues generally for the plaintiffs. Judgment was rendered for the plaintiffs, and the intervenor appeals.
The appellant seeks a reversal of the judgment because it is not warranted by the findings. It is contended that if the railroad company owed Gibson, and Gibson, before garnishment and for value, assigned the debt to the intervenor, who notified the railroad company of the assignment before its answer in garnishment, then the intervenor was the owner of the garnished fund, and the court, having so found the facts, was bound to award it to him, and its judgment otherwise was error. We are not prepared to say that counsel’s deduction from the assumed facts is incorrect, but we cannot reverse the judgment upon assumptions. The court found certain facts specially, and in a separate and distinct finding, entirely disconnected from the others, and independent of *12 them, it found the issues in the case for the plaintiffs, and upon this last finding its judgment is evidently based. Either the last finding is inconsistent with the others, or it is not. If it is not, it is because there was some evidence in the case which avoided the effect of the first findings. If it is, then either it or the others are agaiust the evidence. The findings may be all correct or all incorrect, or some may be correct and others incorrect. As to these matters, it is utterly impossible for us to form an opinion from this record. Nothing but the evidence given at the trial could enlighten us, and that is not here. As the court, notwithstanding its specific findings, found the issues generally for the plaintiffs, and rendered judgment accordingly, the presumption is conclusive upon us that the evidence authorized the judgment, and we must therefore affirm it.

Affirmed.